IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Jonathan W. Nance, | ) | Civil Action No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **COMPLAINT** |
| United States of America, | ) | **(Non-Jury)** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, Jonathan W. Nance, complaining of the Defendants, alleges the following:

**PARTIES, JURISDICTION, AND VENUE**

1. This suit arises as a result of negligent medical treatment received by the Plaintiff, Jonathan W. Nance, at the Veterans Health Administration ("VHA") Clinic, a division of the Williams Jennings Brian Dorn VA Medical Center ("Dorn VAMC"), owned and operated by the Defendant in Orangeburg, South Carolina.

2. Plaintiff is a United States citizen and resides and is domiciled in Richland County, South Carolina.

3. Plaintiff brings this action under the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.*, for damages proximately caused by Defendant's negligence.

4. Defendant United States of America is the appropriate defendant subject to suit under the Federal Tort Claims Act, 28 U.S.C. §1346(b). The Williams Jennings Brian Dorn VA Medical Center ("Dorn VAMC") is a federal agency existing under the laws of the United States of America that, on information and belief, administers clinics located in various counties in

South Carolina and specifically, the VHA Clinic in Orangeburg County, South Carolina, where Plaintiff was treated.

5. Plaintiff timely presented an administrative tort claim to the U.S. Department of Veterans Affairs ("VA") on January 7, 2013 and has exhausted his administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. §2675(a).

6. The U.S. Department of Veterans Affairs denied this claim by letter dated September 10, 2013.

7. This Complaint seeks damages under 28 U.S.C. §1346, Federal Tort Claims Act, for money damages and personal injury caused by the negligent and wrongful acts or omissions of employees of the United States Government, including doctors, nurses, and other medical personnel at the VHA Clinic in Orangeburg County, South Carolina, while acting within the scope and course of their employment under circumstances where the United States, if it were a private person, would be liable to Plaintiff in accordance with the laws of the State of South Carolina.

8. Venue is proper in this district pursuant to 28 U.S.C. §1402(b), as the acts or omissions giving rise to Plaintiff's claims occurred in Orangeburg County, South Carolina.

**FACTUAL ALLEGATIONS**

9. During the past 12 years, since he was 50 years old, Plaintiff, who was honorably discharged from the U.S. Army, has obtained medical services through a VHA Clinic located in Orangeburg, South Carolina.

10. At all times pertinent herein, the VHA Clinic was a federal government healthcare facility located in Orangeburg, South Carolina. The VHA Clinic, a division of the Dorn VAMC, was affiliated with, a part of, owned, managed and/or controlled by the VA.

11. At all times relevant herein, upon information and belief, Andrea J. Arias, M.D. ("Arias") and Larry Williams, LPN ("Williams") were employees of the VA and the VHA Clinic, and the VA and VHA Clinic held Arias and Williams out to the public, including Plaintiff, as qualified, competent health care providers licensed to practice medicine and/or provide healthcare services to the Plaintiff.

12. At all times pertinent herein, Arias and Williams, acting within the scope of their authority, employment and/or agency, practiced medicine at and for the benefit of the VA and VHA Clinic as their actual and/or apparent agents and/or employees.

13. The VA and the VHA Clinic had a duty to and undertook the responsibility of providing Plaintiff with proper information and methods for colorectal cancer ("CRC") screening, to allow Plaintiff to choose the method of CRC he desired and providing a timely colonoscopy.

14. From time to time throughout his years of treatment at the VHA Clinic, Plaintiff was directed to have a fecal occult blood test ("FOBT") done for CRC screening.

15. At all relevant times Arias was Plaintiff's primary care physician and the FOBT's were provided by Williams at the VHA Clinic.

16. Plaintiff was neither educated nor instructed about the various methods of CRC screening in addition to the FOBT, these being a flexible sigmoidoscopy, double contrast barium

enema ("DCBE") or colonoscopy, nor offered a choice of the type of CRC screening he would obtain.

17. In August of 2009, Plaintiff was directed by Williams to obtain a FOBT, which was reported as negative.

18. It was not until November of 2010 was Plaintiff was directed by Williams to obtain another FOBT, which was reported as being positive on January 18, 2011.

19. A colonoscopy was not administered until June 3, 2011, which revealed that Plaintiff had stage three and stage one colorectal cancer.

20. Surgery was scheduled and performed during July of 2011, at which time Plaintiff's entire colon was removed.

21. Pursuant to the Veterans Health Administration Directive 2007-004, which was in effect at all times relevant to this matter, personnel of the VHA were required to inform Plaintiff of the various means for CRC screening, discuss the various advantages and disadvantages of each, allow Plaintiff to decide which method he would obtain, and to administer a colonoscopy within 60 days after a positive FOBT.

22. Had Plaintiff been informed, he would have chosen a colonoscopy rather than the FOBT he was told to obtain, as a means for CRC screening.

## CAUSES OF ACTION

*(Negligence, Gross Negligence, Negligence Per Se, and Negligent Supervision)*

23. Plaintiff realleges and reiterates all of the allegations of the foregoing paragraphs as if set forth herein verbatim.

24.	Defendant United States, by and through the VA, Dorn VAMC, VHA Clinic, Arias, Williams, and other agents and/or employees of the VA, did undertake the duty to render medical care to the Plaintiff in accordance with the prevailing and acceptable professional standards of care in the national community.

25.	Notwithstanding said undertaking, and while Plaintiff was under the care of the Defendant, said Defendant departed from prevailing and acceptable professional standards of care and treatment of its patient,[1] and was thereby careless, negligent, grossly negligent, reckless, willful, wanton, and heedless, and in violation of the duties owed to the Plaintiff, and is liable for one or more of the following occurrences and acts of omission or commission, any or all of which are departures from the prevailing and acceptable professional standards of care, including, but not limited to, the negligent acts and omissions of Arias and Williams, who were VHA Clinic employees and agents acting within the scope of their federal employment, in one or more or all of the following particulars:

- a.	In failing to inform Plaintiff of the various methods of CRC screening;
- b.	In failing to advise Plaintiff of the risk and benefits of the various methods of CRC screening;
- c.	In failing to allow Plaintiff to choose the method of CRC screening he would obtain;
- d.	In failing to meet the standard of care in regard to CRC screening;
- e.	In failing to follow the directives of the Veterans Health Administration;
- f.	In failing to require a colonoscopy for CRC screening;
- g.	In allowing a FOBT to serve as appropriate CRC screening;

---

[1] See Affidavit of Afsar M. Waraich, attached as "Exhibit 1."

  h.  In failing to obtain an informed consent for a FOBT;

  i.  In failing to use reasonable care in the treatment of the Plaintiff; and

  j.  In such other particulars as may be ascertained through discovery procedures undertaken pursuant to the Federal Rules of Civil Procedure.

26. As a direct and proximate result of Defendant's carelessness, negligence, gross negligence, recklessness, willfulness, wanton and/or heedless conduct, and the departures from the professional standards of care by Defendant's physicians and medical staff as set forth herein, Plaintiff's ability and opportunity to avoid colorectal cancer was foreclosed and the ability to lessen the magnitude of the treatment and surgery were diminished.

27. As a direct and proximate cause of the negligent acts or omissions, or both, of the Defendant, Plaintiff was injured and suffered great and permanent physical harm which has caused, and in the future will cause, him to suffer one or more of the following elements of damage:

  a.  Physical and mental anguish;

  b.  Pain and suffering;

  c.  Humiliation;

  d.  Permanent injury to his body;

  e.  Disfigurement;

  f.  Loss of enjoyment of life;

  g.  Lost wages;

  h.  Loss of future earning capacity;

  i.  Expenses for transportation to and from medical services; and

  j.  Others that may be discovered at trial.

28.	Due to the reckless, willful, and wanton conduct of the Defendant, as well as its violations of the VA's own policies, procedures, and/or directives, the Plaintiff is entitled to actual and consequential damages in such amount as to be determined by the trier of fact.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant for such amount of actual and consequential damages as the trier of fact may find, plus the costs and disbursements of this action, and such other damages and further relief as the Court deems just and proper.

                                            Respectfully Submitted,

January 31, 2014.                  NANCE, McCANTS & MASSEY

                                 By:   s/ James D. Nance
                                         James D. Nance, Esquire
                                         Federal ID No. 2266
                                         218 Newberry Street, SW
                                         Aiken, SC  29801
                                         (803) 649-6200 (Office)
                                         (803) 649-2525 (Fax)
                                         jimnance@nancefirm.com

                                         Blair Ballard Massey, Esquire
                                         Federal ID No. 9878
                                         218 Newberry Street, SW
                                         Aiken, SC  29801
                                         (803) 649-6200 (Office)
                                         (803) 649-2525 (Fax)
                                         blairmassey@bellsouth.net

                                         Attorneys for the Plaintiff